J-S43008-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DARRELL EDWARD TAYLOR | |
| Appellant | No. 1573 MDA 2015 |

Appeal from the PCRA Order August 17, 2015
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s): CP-22-CR-0000805-2008

BEFORE:  GANTMAN, P.J., PANELLA, J., and JENKINS, J.

JUDGMENT ORDER BY GANTMAN, P.J.:                    **FILED JUNE 24, 2016**

Appellant, Darrell Edward Taylor, appeals from the order entered in the Dauphin County Court of Common Pleas, which denied his second petition filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  On January 15, 2009, a jury convicted Appellant of robbery. On February 27, 2009, the court sentenced Appellant to a term of 25-50 years' imprisonment.  Appellant's sentence included a mandatory minimum sentence pursuant to 42 Pa.C.S.A. § 9714(a)(2) (providing for mandatory minimum 25-year sentence for defendant convicted of violent crime, if at time of commission of current offense, defendant had two prior violent crime convictions).  This Court affirmed on March 30, 2010, and Appellant did not seek further review with our Supreme Court.  *See Commonwealth v. Taylor*, 996 A.2d 558 (Pa.Super. 2010).

Appellant timely filed his first PCRA petition *pro se* on March 10, 2011. The court appointed counsel, who filed a petition to withdraw and a **Turner**/**Finley** "no-merit" letter on May 11, 2011. The court granted counsel's petition to withdraw and issued Rule 907 notice June 13, 2011. On July 7, 2011, the PCRA court dismissed Appellant's petition. This Court affirmed on March 22, 2012, and Appellant did not seek further review with our Supreme Court. **See Commonwealth v. Taylor**, 47 A.3d 1253 (Pa.Super. 2012). On April 6, 2015, Appellant filed the current *pro se* PCRA petition, which Appellant amended on June 26, 2015. On July 14, 2015, the PCRA court issued Rule 907 notice. Appellant filed a response; however, the court dismissed Appellant's petition as untimely on August 17, 2015. On September 10, 2015, Appellant timely filed a *pro se* notice of appeal. The PCRA court ordered Appellant to file a Rule 1925(b) statement, and Appellant timely complied.

The timeliness of a PCRA petition is a jurisdictional requisite. **Commonwealth v. Hackett**, 598 Pa. 350, 956 A.2d 978 (2008), *cert. denied*, 556 U.S. 1285, 129 S.Ct. 2772, 174 L.Ed.2d 277 (2009). A PCRA petition must be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A § 9545(b)(1). A judgment is deemed final at the conclusion of direct review or at the expiration of time for seeking review. 42 Pa.C.S.A. § 9545(b)(3). The three statutory exceptions to the timeliness provisions in the PCRA allow for very limited circumstances under

which the late filing of a petition will be excused. 42 Pa.C.S.A. § 9545(b)(1). A petitioner asserting a timeliness exception must file a petition within sixty days of the date the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(2). When asserting the newly created constitutional right exception under Section 9545(b)(1)(iii), "a petitioner must prove that there is a 'new' constitutional right and that the right 'has been held' by that court to apply retroactively." *Commonwealth v. Chambers*, 35 A.3d 34, 41 (Pa.Super. 2011), *appeal denied*, 616 Pa. 625, 46 A.3d 715 (2012). Instantly, Appellant's judgment of sentence became final on April 29, 2010. Appellant filed his current petition on April 6, 2015, almost five years later; thus, the petition is patently untimely. *See* 42 Pa.C.S.A. § 9545(b)(1). Appellant attempts to invoke Section 9545(b)(1)(iii), contending his sentence is unconstitutional pursuant to the United States Supreme Court's decision in *Alleyne v. United States*, ___ U.S. ___, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013) (decided 6/17/13) (holding any fact increasing mandatory minimum sentence for crime is considered element of crime to be submitted to fact-finder and found beyond reasonable doubt). Importantly, *Alleyne* does not qualify as a timeliness exception under Section 9545(b)(1)(iii). *Commonwealth v. Miller*, 102 A.3d 988 (Pa.Super. 2014). Additionally, even if *Alleyne* applied retroactively and Appellant had complied with the 60-day rule, *Alleyne* does not affect mandatory minimum sentences based on a prior conviction. *See id.* (stating *Alleyne* provides no relief where

increase in minimum sentence is based on prior conviction). Accordingly, the PCRA court properly denied Appellant's petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/24/2016